UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON DALE LOWERY,<br><br>Plaintiff,<br><br>v.<br><br>FREMONT STREET EXPERIENCE L.L.C.,<br><br>Defendant. | Case No. 2:24-cv-01119-GMN-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma* pauperis ("IFP"), Complaint, and Motion for Permission to Use and Register for Electronic Case Filing. ECF Nos. 1, 1-1, 3.

**I.      Application to Proceed *in forma* pauperis**

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for the same. ECF No. 1. Thus, the request to proceed *in forma pauperis* is granted below.

**II.     Plaintiff's Motion for Permission to Use and Register for Electronic Case Filing**

Plaintiff requests permission to register as an electronic filer in the Court's CM/ECF filing system. Under Local Rule IC 2-1(b), a "pro se litigant may request the court's authorization to register as a filer in a specific case." The Court will allow Plaintiff to file future documents electronically only after he submits the form Consent for Electronic Service of Documents to the Clerk of Court.

**III.    Screening the Complaint**

Upon receiving a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**IV.   Discussion**

      A.   <u>Plaintiff Fails to Establish Subject Matter Jurisdiction</u>.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). To this end, the federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1] 28 U.S.C. § 1331. Federal courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts are authorized to determine their own jurisdiction, are empowered to *sua sponte* review whether a complaint establishes subject matter jurisdiction, and can dismiss a case when jurisdiction is lacking. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Here, by seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing federal question or diversity jurisdiction exists. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's Complaint asserts contradictory statements regarding his residency. On the Complaint's first page Plaintiff lists a Nevada address. ECF No. 1-1 at 1. On the third page of the Complaint Plaintiff states he is a citizen of North Dakota. *Id*. at 3. Plaintiff sued Freemont Street Experience, which is a Nevada resident. *Id.* at 2. If Plaintiff is a Nevada resident, he cannot establish complete diversity of citizenship because Defendant is also a Nevada resident. Given that Plaintiff's

---

[1] This is often referred to as federal question jurisdiction.

pleading lacks clarity regarding his residency, the Court finds Plaintiff does not plead facts necessary to establish diversity jurisdiction.

Plaintiff asserts "multiple violations of the First and Fourth Amendment" that could potentially establish federal question jurisdiction. *Id*. at 4. However, Plaintiff fails to plead any facts to support these claims. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am.*, N.A., Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). Because Plaintiff does not allege any facts in support of his claims, he also fails to state a claim for relief that, in turn, fails to demonstrate a violation of federal law or the United States Constitution. For this reason, Plaintiff fails to establish federal question jurisdiction under 28 U.S.C. § 1331.

      B.     <u>Plaintiff Cannot Bring Claims on Behalf of Others</u>.

Even if Plaintiff establishes jurisdiction is proper in this Court, Plaintiff cannot seek relief on behalf of "100's of others" he alleges have suffered violation of their constitutional rights. ECF No. 1-1 at 4. Pro se plaintiffs may only represent themselves and are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself."). Thus, to the extent Plaintiff asserts claims on others' behalf, the Court recommends that these claims be dismissed with prejudice.

**V.**    **Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permission to Use and Register for Electronic Case Filing (ECF No. 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must submit the Consent for Electronic Service of Documents to the Clerk of Court no later than **July 31, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send to Plaintiff the form Consent for Electronic Service of Documents and instructions for the same. Plaintiff is not authorized to file electronically until the Consent form is submitted within the time frame specified. Upon timely submitting the Consent form, Plaintiff **must** contact the CM/ECF Help Desk at (702) 464-5555 to configure his CM/ECF account.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff has one (1) opportunity to amend his Complaint to establish subject matter jurisdiction and sufficiently state his claims. This means Plaintiff must establish either diversity of citizenship or that there is a federal question the Court must decide.

IT IS FURTHER ORDERED that if Plaintiff so chooses, he must file his amended complaint no later than **July 31, 2024**. The amended complaint must be complete in and of itself. That means Plaintiff must include all facts and name all defendants against whom he seeks to assert a claim. The Court cannot refer to Plaintiff's original Complaint when determining if an amended complaint states a claim. Plaintiff must include facts that will potentially establish each federal law or constitutional amendment identified was violated. Plaintiff must identify what happened and who committed the wrong.

IT IS FURTHER ORDERED that failure to comply with this Order on or before **July 31, 2024**, will result in a recommendation to dismiss this action in its entirety, but without prejudice.

**VI.     Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claims on behalf of "100's of others" whose constitutional rights were allegedly violated be DISMISSED with prejudice.

DATED this 21st day of June, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5

**<u>NOTICE</u>**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).